The Honorable Bob Keltner State Representative 6608 Juniper Little Rock, Arkansas 72209
Dear Representative Keltner:
This official Attorney General opinion is rendered in response to a question that you have presented regarding a county-wide sales tax. You have asked:
 Can a county quorum court place a measure on the ballot for the November 3, 1998 general election to re-levy a one cent general tax and designate that the tax be used as follows: 75% — to be divided among all the entities of the county; 25% — to go toward equalizing county detention officer pay, and operation and renovation of the Pulaski County Regional Jail, with all of the entities sharing in the funding of such pay, operation, and renovation expenses?
It is my opinion that:
(1) A county quorum court can place a measure re-levying a one cent sales tax on the ballot for the November 3, 1998 general election;
(2) This measure can, under certain circumstances, designate that the tax be allocated in a particular manner among the various entities in the county and that it be used for designated purposes; and
(3) The question of whether all entities must share in the funding of the designated purposes is unclear under current law, and, in fact, is currently on appeal to the Arkansas Supreme Court.
Quorum Court's Authority to Re-Levy at General Election
Although a sales tax that has been levied for a specific purpose cannot be used for another purpose, ARK. CONST., art. 16, § 11; Bell v.Crawford, 287 Ark. 251, 697 S.W.2d 910 (1985), it can be re-levied for another specified purpose. See Hooker v. Parkin, 235 Ark. 218,357 S.W.2d 534 (1962).
The re-levy of a sales tax is carried out under the same procedures that are required for an original levy (including a vote of the electorate). Under these procedures, the measure can be placed on the ballot for a general election. See A.C.A. § 14-14-917. The process for doing so is initiated by the county quorum court. See A.C.A. § 14-14-327; A.C.A. §26-74-207; A.C.A. § 26-74-307.
Designated Allocation and Use
The manner in which the proceeds from county-wide sales taxes may be allocated and used depends upon the statutory authority under which the tax is levied. Various statutes authorize counties to levy county-wide sales taxes. See, e.g., A.C.A. § 26-73-103; A.C.A. § 26-73-110; A.C.A. §26-73-113; A.C.A. § 26-74-201 through -223; A.C.A. § 26-74-301 through -319; A.C.A. § 26-74-401 through -414; A.C.A. § 14-164-327; A.C.A. §14-164-338.
The statutory scheme which appears most likely to authorize a tax having all of the attributes that you have described is that which is set forth in A.C.A. § 26-74-201 through -223.[1]
The proceeds from taxes levied under the authority of A.C.A. § 26-74-201
through -223 are normally distributed to the various entities in the county on a per capita basis. See A.C.A. § 26-74-214(b)(2). However, an allocation on a basis other than per capita (such as in the proposed tax that you have described) is expressly authorized by A.C.A. §26-74-214(b)(2) if the various entities in the county have entered into an interlocal agreement for a different allocation and have provided a copy of such agreement to the State Treasurer.
The proceeds from a tax levied under A.C.A. § 26-74-201 through -223 may be used for any purpose for which county general funds may be used. See
A.C.A. § 26-74-214(c). While a determination of whether a particular use of funds is one for which county general funds may be used is a factual determination, it appears that the proposed uses of the tax that you have described would constitute county purposes, and would therefore be appropriate uses of the county general fund — thus making such uses appropriate uses of a tax levied under the authority of A.C.A. § 26-74-201
through -223. A designated use of the tax must be specified on the ballot title. A.C.A. § 26-74-208(c).
The Entities' Contribution to Funding the Projects of the Tax
If a specific purpose has been designated for the proceeds of a county-wide sales tax, and no interlocal agreement has been entered into with regard to the various entities' responsibilities for contribution toward that purpose, the issue of the entities' responsibilities for contribution is unclear under current law. This question is now pending on appeal to the Arkansas Supreme Court in the case of Daniel v. Jones,et al., No. E95-685-First (White Co. Chancery Ct.), and therefore remains unresolved at present. The Chancery Court in that case held that the ballot title's designation of uses cannot control the use of the cities' share of any sales tax revenue. Id. FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER at 9.
Because of the pending and legally unresolved status of this portion of your question, I am unable to opine as to whether the proposed tax that you have described could legally require the entities to contribute toward the projects for which the tax proceeds are designated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The other statutes would appear to be precluded from authorizing the tax you describe for various reasons: For example, some are limited to use for capital improvements (see, e.g., A.C.A. § 14-164-327;14-164-338); they are limited to amounts less than 1% (see, e.g., A.C.A. § 26-74-402; A.C.A. § 26-73-110); or they require an allocation other than that which you have described (see A.C.A. § 26-74-313). (The tax that you have described would be a 1% tax, would be designated for purposes that include a project that appears not to constitute a capital improvement: the funding of detention officer pay; and would be allocated on a basis other than per capita.) Some of the other statutory sales tax schemes cited herein could potentially authorize such a tax if the funding of detention officer pay could be factually established to constitute the "operation or maintenance of a capital improvement." See,e.g, A.C.A. § 26-73-113. I am not authorized to make such a factual determination, and it is unclear whether such funding would constitute the "operation or maintenance of a capital improvement."